IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KRISTEN BEHREN, as the Administratrix of the ESTATE OF T.S., a deceased minor** : : : : **Plaintiff,** : : **v.** : : **CITY OF PHILADELPHIA, et al.,** : : **Defendants** : : | CIVIL ACTION No. 24-0276 |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties, Michael Budner for Plaintiff Kristen Behrens and Andrew Pomager for the City of Philadelphia, conferred on April 25, 2024. (Defendant Edsaul Mendoza has not yet appeared). The parties submit the following report of their meeting for the Court's consideration:

**I.     Discussion of Claims, Defenses and Relevant Issues**

**A.     Plaintiff's Statement of the Case**

Plaintiff's Complaint alleges that on March 1, 2022, T.S., a deceased minor, was riding his bike in the area of 18th and Barbara Street in Philadelphia, Pennsylvania, while Defendant Edsaul Mendoza was on duty with the South Task Force, a unit of the Defendant City of Philadelphia's Police Department. See Plaintiff's Complaint at ¶ 10-11. On this date, Defendant Mendoza was in an unmarked vehicle with 3 other officers from the Philadelphia Police Department: Officer Kwaku Sarpong, Officer Robert Cucinelli, and Officer Alexander Camacho. Id. at ¶ 12. All of the officers were in "plainclothes." Id. Defendant Mendoza and the other aforementioned officers initiated a pedestrian stop of T.S., and another individual, N.K., a minor, because they had

recognized N.K. as "tangentially connected to a stolen firearm." Id. at ¶ 13.  T.S. was not the target or suspect of the investigation and/or stop and no Philadelphia Police Department representative has indicated there being any information about T.S. possessing a firearm at any point during 2022. Id. at 14.  At this time, the officers initiated the stop without activating their lights or calling backup and proceeded to stop T.S. and N.K. while in plainclothes.  Id. at ¶¶ 16-19.  A gunshot was fired which led to Defendant Mendoza pursuing T.S. on foot.  Id. at ¶¶ 34-39.  In violation of multiple Philadelphia Police Directives, Defendant Mendoza continued his pursuit, alone, and found T.S. unarmed and lying on the ground.  Id. at ¶¶ 40-42.  Defendant Mendoza then fired a gunshot into T.S.'s back, killing him.  Id. at ¶¶ 44-46.

Officer Mendoza did not take cover during his approach of T.S., which would have been the tactically correct decision if he believed T.S. remained armed.  Id. at ¶ 40.  Instead, he chose to follow the "exact opposite" tactical strategy that would be expected if he thought there was "any possibility" that T.S. remained armed.  Id. at ¶ 41.  Specifically, Officer Mendoza runs up the street, completely exposed, without backup, and then runs between two parked cars to confront T.S., who was behind the cover of a pickup truck.  Instead of taking cover or approaching cautiously, Officer Mendoza runs onto the sidewalk without slowing or reassessing, finds T.S. unarmed and not fleeing, and fires one shot into T.S.'s back from within ten feet.  Id. at ¶ 42.  Ultimately, Defendant Mendoza fired 3 shots at T.S.: (1) the first shot was at the bottom of the block near the intersection of 18th and Barbara Streets; (2) the second shot was mid-block after T.S. had discarded his firearm; (3) the third shot was after T.S. had discarded his firearm, was unarmed, had stopped running, and either fell or dove to the ground – Defendant Mendoza fire a shot from less than ten feet away into T.S.'s back while he was face down on the ground.  Id. at ¶ 44.  It is clear, based on witness testimony, crime scene evidence, and audio and video evidence available, that by the time Officer

Mendoza fired his second of three shots, T.S. did not possess a gun and could not have pointed it at Officer Mendoza. Id. at ¶ 48. When Officer Mendoza fired the third and fatal shot, he knew that 12-year-old, 5 foot tall, 111-pound T.S. no longer had a gun, and therefore, no ability to harm him. Id. at ¶ 49. The murder was conducted execution style, while T.S. "was essentially facedown on the sidewalk" and "in a position similar to a push-up." Id. at ¶ 49.

### B.     Defendants' Statement of the Case

While on the scene, a shot was fired into the unmarked vehicle Officer Mendoza and others in. The officers exited to investigate, and, during a foot pursuit of T.S., Officer Mendoza fatally shot him. The specific acts precipitating the firing remain disputed pending further discovery. On April 19, 2024, Mendoza pled guilty to third degree murder for the shooting.

The City denies all underlying constitutional violation claims pending further analysis of discovery. Nonetheless, to the extent a constitutional violation occurred, such a violation was outside the policies and customs of the City and not caused by municipal action.

### II.    Prompt Settlement or Resolution

Plaintiff is able and willing to engage in mediation, settlement conferences, and/or any other viable ADR option. The City believes early settlement conference could be useful. However, Plaintiff respectfully submit that ADR is not likely to be productive until at lease some discovery, including depositions of main fact witnesses, are completed.

### III.   Informal Disclosures

The parties will exchange initial disclosures on May 1, 2024. No changes to the requirement for disclosures need be made.

### IV.    Discovery

Defendants request 5 months for discovery. The discovery in this matter will require the disclosure and analysis of several police files, including the officer-involved shooting file and

internal affairs investigation. The District Attorney's Office file will likely be requested. Numerous officers on the scene—and possibly certain civilians—will need to deposed. Additionally, City policies are likely going to need to be investigated thoroughly. The primary witness, Edsaul Mendoza, is in state custody. A proposed case schedule is:

| | |
|---|---|
| Discovery: | September 30, 2024 |
| Plaintiff's Experts: | October 15, 2024 |
| Defendant's Experts: | October 30, 2024 |
| Expert Discovery Deadline: | November 15, 2024 |
| Dispositive Motions: | December 1, 2024 |
| Trial Pool: | February 1, 2025 |

### V.   Electronic Discovery, Preservation

The parties do not anticipate any issues arising from electronic discovery and agree to the default order pursuant to the Court's policies.

### VI.   Issues About Claims of Privilege or Protection

No known issues, but the City will seek a standard protective order over the broad dissemination of sensitive police records.

### VII.   Other Matters

No other matters require the Court's attention at this time.


Respectfully submitted,

| | |
|---|---|
| /s/ *Michael A. Budner* | /s/ *Andrew F. Pomager* |
| Michael Budner, Esq. | Andrew F. Pomager, Esq. |
| Saltz Mongeluzzi Bendesky | Div. Deputy City Solicitor |
| One Liberty Place | City of Philadelphia Law Department |
| 1650 Market Street, 52nd Floor | 1515 Arch Street, 14th Floor |
| Philadelphia, PA 19103 | Philadelphia, PA 19102 |
| 215-575-3875 (phone) | 215-683-5446 (phone) |

mbudner@smbb.com
*Attorney for Plaintiff*

Date: May 1, 2024

*Attorney for Defendant City of Philadelphia*

Date:   May 1, 2024

5